ARCHIBALD MITCHELL *v.* SAMUEL D. WILSON and another.

The waiving of a jury trial in a special court case, and submission of the case under the statute, in law and fact, to the judge holding the court, deprives the party aggrieved by his decision of the right to review the same in matters of fact before the Supreme Court, and where the party aggrieved contends that the judge erred in determining the legal effect of certain facts given in evidence, all the facts adduced in evidence before him, must be laid before the Supreme Court, by agreed statement of facts or otherwise, before they can review his decision.

TRESPASS AND EJECTMENT for the recovery of the possession of a store on Westminster street, in the city of Providence. The case was heard on the plaintiff's exceptions to the rulings of Mr. Justice Burges, before whom the action was tried, at a

special Court of Common Pleas. The facts of the case are sufficiently stated in the opinion of the court.

*J. T. Pitman* and *James Tillinghast, for the plaintiff.*

*Matteson, for defendants.*

BRAYTON, C. J. This was tried at a special court of Common Pleas before Mr. Justice Burges, the jury trial was waived, and the case submitted to him both upon the evidence and the law. The action was a suit in ejectment. The premises had been leased by Eliza A. Church to one Frederic H. Morris, for five years, as the declaration alleged, by lease bearing date the first day of October, 1866, with a covenant on the part of the lessee not to underlet or assign without the consent of the lessor, and giving the lessor a right upon breach of the covenant to reënter and terminate the lease.

The question on the trial, as raised by the pleadings was, whether Morris had underlet or assigned, within the meaning of the covenant, so that a right had occurred to the lessor or assignee to reënter. Testimony, written and oral, was submitted by the parties respectively.

It is not necessary here to examine the details of the statement to see if it be a statement of facts or one of evidence only, or of both. It concludes with the averment, that "the judge trying the cause held as matter of law, that the case thus made did not constitute an underletting or assignment of the said Morris's lease, or any breach of the covenant of the lease."

The affidavits in support of the bill of exceptions are, first, that of Mitchell, the plaintiff, and second, that of J. T. Pitman, Esq., his counsel. Mitchell's affidavit is, "that he was present at the trial and heard all the evidence offered thereon, and has carefully read and examined the bill of exceptions then presented to the judge and allowed, and that the statement of the *evidence* and the other matters and facts in said bill of exceptions set forth are true to the best of his knowledge, recollection and belief." Pitman's affidavit is but a repetition of that of the plaintiff, the same in substance, and almost the very words.

The bill of exceptions then, as the affidavits show, consists of a statement of evidence submitted to the judge at the trial,

and an averment that he ruled upon that evidence that no case was made which constituted an underletting or assignment of the lease, or breach of the covenant.

Although we may infer from the affidavits what the affiants believed to have appeared in evidence and to have been estab-lished by it, and what they were of opinion the judge ought to have found to be the facts in the case, it does not appear from the statement what facts the judge actually found from the evi-dence submitted to him, and still less does it appear what the facts were which he held and judged to be insufficient to consti-tute an underletting or assignment. There was evidence to weigh. He might have found against the evidence before him, as a jury might had it been submitted to them, but we have no power upon a bill of exceptions to correct the error in that respect of the one or the other. It must be an error in law. If he had evidence to weigh, and he has weighed it, although he came to a conclusion upon it, in our opinion, entirely un-warranted by it, and clearly so, yet that determination cannot be reviewed here by exceptions.

Had there been an agreed statement of facts not dependent upon evidence, in whole or in part, the matter of law might be made to appear, and would appear, as would the opinion and judgment thereon, and we see no way to reach it but by that which is equivalent to such agreed statement, viz., to establish what the judge found to be the state of the facts, not what any number of witnesses might have been of opinion he ought to have found, or was proved or apparent. The fact must be established, and all the facts in the case, and so established as that the judge recognized them as proved and established, so that he had no evidence to weigh, and had only to apply the law to them.

There may be great difficulty in showing, without an agreed statement, what was in the mind of the judge, by any other evi-dence than that of his own declaration of what he found. That declaration we have not. By it the difficulty would have been obviated. The affidavits do not supply this need. They show that certain testimony was given, that certain other things ap-

peared to them in evidence and to their satisfaction were proved, and some other things were admitted, but they do not show what facts appeared or were proved to the satisfaction of the judge.

In our ignorance of the facts, it is impossible to know what rules of law governed the judge in his determination. Had he stated those rules of law which governed him, and they were erroneous, it would not be necessary to inquire into the facts to determine the exceptions. If the rule stated was correct, and still the judgment given for the plaintiff, we might be sure that if there were errors in the judgment, it was only because the finding of the fact was against the evidence.

*Exceptions overruled.*